[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (DOCKET ENTRY NO. 116)
CT Page 1297-eo
The plaintiff has moved that the defendant be found in contempt for wilful and intentional violation of the court's orders at the time of the decree of dissolution.
On October 17, 2000, the parties entered into an agreement, and on that same date, a decree of dissolution of the parties' marriage was entered before Sheedy, J. At that time, the agreement of the parties was approved by the court as fair and equitable and was incorporated by reference in the decree. Paragraph 6.3 of the parties' agreement provided as follows:
 6.3 In the event the Husband fails to refinance the property within nine (9) months from date hereof, then the property shall be placed on the market (MLS) for sale. Upon sale of the property, the net proceeds after payment of customary closing costs, and payoff of the first mortgage and equity credit line, shall be used to pay off all the aforementioned liabilities. Any transfer or sale to a member of the Husband's family shall be considered a sale, and shall be at fair market value. The first mortgage, equity credit line, the parties' outstanding liabilities as aforementioned shall be paid out of the proceeds of said sale. Any proceeds in excess thereof shall be divided equally between the parties, whether in the event of sale on the market or to family member.
On July 24, 2001, the defendant sold the real property to his brother, Jay J. Genetti, for $185,000. (See plaintiff's exhibits A, B and E.) The defendant received $148,000 which paid off the first and second mortgages, the parties' outstanding liabilities and the settlement costs. The remaining $37,000 (the amount that was supposed to be divided between the parties) was considered as a gift by the defendant to his brother, thereby depriving the plaintiff of her half share of the net proceeds.
The defendant has attempted to justify his position by claiming that there were two forms of consideration on the purchase, monetary consideration in the amount of $148,000 and non monetary consideration — Mr. Jay J. Genetti's promise to assume responsibility for the repayment of $37,000 owed by the defendant to his mother. This obligation is set forth in paragraph 6.1 of the agreement. This was a note of the CT Page 1297-ep plaintiff and the defendant to the defendant's mother which, as to the plaintiff, was released by the mother; the defendant being solely responsible for payment of the note. The defendant takes the position that his obligation to his mother is now the responsibility of his brother, at least to the extent of the "gift of equity" of $37,000.
Certainly, as between the brothers, they may reach agreement if they choose and certainly there may be a gift of equity by one brother to the other but not at the expense of the plaintiff. The plaintiff had been released of all liability to the defendant's mother on the conditional note. The parties' agreement provided for the division of the net proceeds of sale equally between the parties. The plaintiff is entitled to one-half of the net proceeds of sale; that is, one-half of $37,000 or $18,500.
The court finds the defendant has wilfully and intentionally violated the court's orders and does find the defendant in contempt. The plaintiff at trial sought $2,500 in attorney's fees and now seeks $3,500 in attorney's fees because of the extra time she has had in the preparation of her reply brief. Pursuant to the provisions of § 46b-87 of the General Statutes, the court orders attorney's fees of $3,500 to be paid by the defendant to plaintiff's attorney to purge himself of this contempt together with the sum of $18,500.
The court at the time of the hearing on this matter did not receive any information with regard to the defendant's finances and his ability to purge himself of his contempt. The defendant shall supply plaintiff's attorney with a current financial affidavit within one week of the date hereof. Thereafter, this case shall be set down for further court proceedings at the plaintiff's request.
 ___________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE